FILED
CLERK

1/29/2025 11:34 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

          **MEMORANDUM & ORDER**
          15-cr-312 (GRB)

    -against-

JOHN CAPUANO,

       Defendant.
------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

    On September 18, 2024, Defendant John Capuano ("Defendant" or "Capuano") filed a letter application for an early termination of supervised release. Docket Entry ("DE") 45. The Government opposes the application, arguing that the defendant has failed to establish changed or extraordinary circumstances that would warrant an early termination. For the reasons discussed below, that application is DENIED.

    *Background*

    On March 29, 2016, Capuano pleaded guilty to one count of transportation of child sexual abuse material in violation of 18 U.S.C. § 2252A(a)(1). *See* DE 32 ¶ 1. The conviction resulted from Capuano's possession and distribution of child pornography via the internet. When a search warrant was executed on Capuano's electronic devices, over 2000 images and videos depicting child pornography were recovered. *Id.* ¶ 10. At the time of his arrest in May 2015, Capuano was employed as a middle school guidance counselor, a position from which he was then terminated. *Id.* ¶ 60.

    Judge Hurley sentenced the defendant to an incarceratory term of five years followed by ten years of post-release supervision. DE 39. As relevant here, Capuano was released from prison

1

in April 2019 and remains on supervised release, which he is set to complete on August 30, 2029. Judge Hurley imposed multiple conditions of supervised release, including participation in mental health treatment program such as a treatment for sexual disorders and computer monitoring. DE 38. Capuano did not appeal his conviction or sentence.

*Discussion*

Supervised release may be terminated early at the Court's discretion "at any time after the expiration of one year of supervised release…if [the Court] is satisfied that such action is (1) warranted by the conduct of the defendant released and (2) the interest of justice." 18 U.S.C. § 3583(e)(1). "Early termination, however, 'is not warranted as a matter of course.'" *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (quoting *United States v. Fenza*, No. CR 03-921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)). "Occasionally, changed circumstances— for instance, exceptionally good behavior by the defendant…will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Importantly, "exceptionally good behavior" is not established simply by compliance with the terms of supervised release. *See Fenza*, 2013 WL 3990914, at * 2.1 ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); *see also United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where defendant did nothing more than that which he was required to do by law."). Courts in this circuit routinely decline to terminate supervised release based solely on compliance with the terms of supervision. *See, e.g.*, *United States v. Simels,* No. 08-CR-640, 2023 WL 4599839, at * 2-3 (E.D.N.Y. July 18, 2023); *United States v. Zeigler*, No. 06-CR-680, 2023 WL 1819320, * 2 (E.D.N.Y. Feb 8, 2023); *United States*

*v. Medina*, 17 F. Supp. 2d 2445, 247 (S.D.N.Y. 1998) (noting that "while [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."). In deciding whether to grant early termination of supervised release, the Court must also consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Brooks*, 889 F. 3d 95, 99 (2d Cir. 2018) (noting also that "[b]ecause supervised release is not, fundamentally, part of the punishment, ... the omission of the § 3553(a)(2)(A) factors accords with the purpose of supervised release, which is to 'fulfill[ ] rehabilitative ends, distinct from those served by incarceration'") (internal quotations omitted).

Here, Capuano argues that his term of supervised release should be terminated on the grounds that he has complied with the terms of his supervision and the "purposes of supervision have already been accomplished." DE 45 at 5. He further argues that the termination of his supervised release would further assist with his reintegration into society by improving his relationship with his family, demonstrating to his estranged daughter that he is successful in his rehabilitation, and not subjecting his new romantic partner to the restrictive conditions of his supervised release. *See id.* at 1-6. In the alternative, Capuano asks the Court to modify the conditions of the supervised release by removing the sex offender treatment condition. *See id.* at 6. In support of his application, Capuano provides documentation reflecting that his Sex Offense Registry Act level was lowered on April 3, 2024; provides proof of his employment in 2022-23, letters from his brother and landlord expressing their continued support of his rehabilitative efforts, and his own letter describing his commitment to rehabilitation. *See id.* at Ex. A, Ex. B, Ex. D, Ex. E, Ex. F, Ex. G, and Ex. H. He further provides a letter from his treating psychologist who supports of the early termination of supervised release and assesses that Capuano "poses extremely low risk

3

to the community" and "no risk with respect to the notion that he might commit a contact-based sexual offense." *See id.* at Ex. C. Capuano also provides a report from his probation officer which describes only one minor incident that occurred since Capuano was under computer monitoring. *See id.* at Ex. I. Following the probation officer's recommendation, the Court did not take any action in relation to the incident.

The Government opposes both the termination and modification, arguing that "[t]he conduct of the offense is of such a serious and disturbing nature that, combined with the large amount of child pornography images and videos involved, the existing term of supervised release is an appropriate and necessary part of the defendant's sentence." DE 47 at 5.

The Court finds that the Section 3553(a) factors do not warrant either termination or modification of the supervised release. While it is commendable that Capuano admits to the wrongfulness of his past criminal conduct, that does not change the nature and circumstances of the actions that he took: namely collecting and sharing child pornography imagery on the internet. Because mere compliance with the supervised release conditions and the inconvenience that these conditions impose on him—and by extension, his romantic partner and family members—do not rise to the level of "exceptionally good behavior" and do not present "new or unforeseen circumstances," the Court does not find that early termination of supervised release is warranted. Furthermore, the Court's analysis of the Section 3553(a) factors requires consideration of both individual and general deterrence as well as any potential disparities in the sentencing with other defendants who had committed similar offenses—purposes that would not be served by reducing the already below-Guidelines sentence imposed in this case. *See* 18 U.S.C § 3553(a)(4), (a)(6), 3583 (3).

4

It is the Court's view that the positive developments resulting from Capuano's participation in the sex offender treatment do not warrant the early termination of this condition but rather represent an encouraging sign that the treatment, such as his participation in the individual and group therapy, has a positive effect on him and assist him with reintegration into society and his family.

Because the Court denies Capuano's application, the Government's request for a hearing pursuant to Crime Victim Right's Act, 18 U.S.C. § 3771, is moot.

*Conclusion*

Based on the foregoing, the application for early termination or modification of supervised release is DENIED.

**SO ORDERED**

Dated: Central Islip, New York
      January 29, 2025

                                      **/s/ Gary R. Brown**
                                      GARY R. BROWN
                                      United States District Judge